# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| HENRIETTA JOHNSON, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:16-CV-92-MSH |
| | : Social Security Appeal |
| NANCY A BERRYHILL, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits, disabled widow's benefits, and supplemental security income, finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

# ISSUES

**I.	Did the ALJ give appropriate weight to Plaintiff's treating physician's records and opinions?**

**II.	Was it error for the ALJ to omit Plaintiff's need to use a cane from the hypothetical question posed to the VE?**

**III.	Did the ALJ provide an adequate explanation for his decision to discount Plaintiff's credibility?**

## Administrative Proceedings

Plaintiff Henrietta Cobbs Johnson filed applications for disability insurance benefits, disabled widow's benefits, and supplemental security income on August 8, 2012 alleging disability to work commencing August 31, 2007. Her applications were denied initially on December 13, 2012 and on reconsideration on March 28, 2013. She filed a written request for an evidentiary hearing before an administrative law judge on May 28, 2013, and the hearing was conducted on September 9, 2014. Plaintiff appeared at the hearing with her attorney and gave testimony, as did an impartial vocational expert (VE). Tr. 12. On October 29, 2014 the ALJ issued an "unfavorable" written decision denying her claims. Tr. 9-29. She filed a request for review by the Appeals Council on December 15, 2014, but was denied on May 12, 2016. Tr. 7-8, 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff brings this action seeking judicial review of the final decision by the Commissioner to deny her claims.

## Statement of Facts and Evidence

On her alleged onset date, Plaintiff was fifty years old. Tr. 9. She has a high school diploma and two years of college and past relevant work as a nursing assistant, teacher's aide, and solderer. Tr. 269, 303, 46. She claims that she is disabled to work as a result of depression, hypertension, pre-diabetes, acid reflux, low back pain, and heart valve leakage. Tr. 279.

In conducting the five-step sequential analysis for evaluation of disability claims, the ALJ found at step two that Plaintiff has severe impairments of obesity, dyspnea, hypertension, cardiac arrhythmia, lumbar spine bulge, aortic insufficiency, and diabetes with neuropathy. Finding No. 5, Tr. 15. At step three, he determined that these impairments considered both alone and in combination neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding No. 6, Tr. 15-16. Between steps three and four, the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to engage in medium work with added exertional, postural, and environmental restrictions. Finding No. 7, Tr. 16-20. In his step-four analysis, the ALJ found that this RFC assessment permits Plaintiff to return to her past relevant work as a teacher's aide and therefore she is not disabled. Finding Nos. 8 and 9, Tr. 21-23.

## DISCUSSION

In her brief before the Court, Plaintiff asserts three errors by the ALJ. First, she claims the ALJ erred by giving her treating physician's records and opinions only limited weight. Next, she contends the ALJ omitted her need to use a cane from the hypothetical

5

question posed to the VE at the evidentiary hearing. Last, she argues that the ALJ did not provide an adequate explanation for his decision to discount her credibility. Pl.'s Br. 1-2. In her brief in response, the Commissioner claims that the medical opinion evidence was properly evaluated, subjective complaints properly considered and addressed, and that Plaintiff has failed to show that she is unable to resume her past relevant work as a teacher's aide. Comm'r's Br. 1. Because it is recommended that this case be remanded as explained below, the Court does not address Plaintiff's first and third asserted errors.

The opinion of a claimant's treating physician must be afforded substantial weight unless the ALJ finds good cause for discounting it. "Good cause" exists if the opinion is not supported by the evidence, the evidence supports a contrary finding or the doctor's opinion is merely conclusory or inconsistent with his or her own records of treatment. *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Phillips,* 357 F.3d at 1241.

Plaintiff began treating with Zaigham Butt, M.D., on March 13, 2010. Ex. 6F, Tr. 455. Medical evidence shows that she continued seeing Dr. Butt until July 28, 2014, when his record of Plaintiff's care closed. Ex. 17F, Tr. 667. Included in that record is a report entitled "Medical Opinion Re: Ability To Do Work-Related Activities (Physical)" completed by Dr. Butt on June 6, 2013. Ex. 15F, Tr. 622-625. Handwritten in the margin are the words "(a)ll based on FCE results by Doug Imig, PT, OCS, CE." Ex. 15F, Tr. 623. Dr. Butt based the limitations he set forth in the report on what Imig found in conducting a functional capacity evaluation (FCE) on May 27, 2013. Imig is a physical therapist and not within the Commissioner's definition of "acceptable medical source" set forth in the regulations. 20 C.F.R. §§ 404.1513(a), 416.913(a); SSR-06-03p. However,

6

the regulations do provide that evidence from a physical therapist can be used "to show the severity of impairment(s) and how it affects ability to work." 20 C.F.R. §§ 404.1513(d), 416.913(d).

The ALJ specifically afforded weight to Imig's findings and further expressly gave them "greater weight" than Dr. Butt's findings. (Tr. 18, 19). A review of the record however shows two things. First, what Dr. Butt's June 6, 2013 report setting forth Plaintiff's specific work-related limitations was based on what Imig found in his May 27, 2013 FCE. The report and the FCE are thus inseparable. Second, both Dr. Butt and Imig stated plainly that Plaintiff needed and relied on assistive devices to ambulate. Dr. Butt found her to need a cane and, more importantly (given the ALJ's explicit reliance on his opinion), Imig found under the FCE "Major Areas of Dysfunction" that Plaintiff needed and used a walker. Ex. 9D, 15F; Tr. 672. Common sense tells the Court that a walker is a more restrictive assistive device than a simple cane in a work setting.

The ALJ summarily concludes that "the objective evidence is not consistent with the use of a cane" without support in the record. Tr. 20. Imig conducted an exhaustive and well-documented FCE with objective clinical testing including analysis of both strength and mobility. Ex. 18F, Tr. 668-76. Since both the treating physician and the physical therapist to whom the ALJ afforded weight concur that Plaintiff relies to some extent on assistive devices to ambulate, the ALJ erred in not developing the record further on this point or including the need for assistive devices in his RFC assessment and hypotheticals posed to the VE. Plaintiff's second asserted error has merit sufficient to require remand.

On remand, the Commissioner should further develop the record as to Plaintiff's need for a cane, walker or other assistive device. If the Commissioner finds that such device is, in fact, medically necessary and the use of such device renders Plaintiff unable to engage in substantial gainful activity, she should also determine when the use of such device became medically necessary. The Court notes that there is no record evidence of the need for a cane prior to June 6, 2013—well after the alleged date of onset of disability. Whether an assistive device is necessary and when it became necessary, as well as whether use of such a device renders Plaintiff disabled to work, is for the Commissioner to further develop and decide. The Court having found that remand is required on Plaintiff's second asserted error, the other issues need not be addressed.

## CONCLUSION

For the reasons stated above, it is ordered that Plaintiff's case be remanded to the Social Security Commissioner, under sentence four of Section 205(g) of the Social Security Act, for further proceedings consistent with this opinion.

SO ORDERED, this 23rd day of June, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE